# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I.C.**, A MINOR, BY AND THROUGH HIS NATURAL PARENT, **NASIM CHAUDHRI**, AND **AMY GITRE**,<br><br>    Plaintiffs,<br><br>vs.<br><br>**ZYNGA INC.**,<br><br>    Defendant, | CASE NOS. 20-cv-01539-YGR<br>20-cv-02024-YGR<br>20-cv-02612-YGR<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND GRANTING MOTION TO COMPEL DISCOVERY** |
| **CARLA JOHNSON AND LISA THOMAS**,<br><br>    Plaintiffs,<br><br>vs.<br><br>**ZYNGA INC.**,<br><br>    Defendant, | |
| **JOSEPH MARTINEZ IV AND DANIEL PETRO**,<br><br>    Plaintiffs,<br><br>vs.<br><br>**ZYNGA INC.**,<br><br>    Defendant. | |

Currently pending in each of the captioned cases is defendant Zynga Inc.'s motion to compel arbitration or, in the alternative, compel discovery. Plaintiffs brought these three putative class actions in connection with the September 2019 breach of Zynga's database of player account information, alleging that Zynga violated numerous state statutory and common laws.[1] Zynga

---

[1] I.C. and Gitre bring claims of negligence, negligent misrepresentation, negligence per se, unjust enrichment, violation of state data breach statutes (of California, Illinois, New Jersey, North Carolina, and all other applicable states), intrusion upon seclusion, and declaratory judgment. Johnson and Taylor bring claims of negligence, negligence per se, unjust enrichment, declaratory

asserts that pursuant to the mandatory arbitration provision in the applicable Terms of Service ("TOS"), plaintiffs are required to arbitrate their claims in these actions against Zynga on an individual basis. In the alternative, to the extent that plaintiffs contest that they accepted the TOS, Zynga seeks discovery of the email addresses, user IDs, or Facebook IDs associated with plaintiffs' Zynga accounts. Plaintiffs oppose any discovery, arguing that such information is neither relevant nor necessary to determine whether plaintiffs agreed to arbitration.

In general, under the Federal Rules of Civil Procedure, any matter relevant to a claim or a defense is discoverable. Fed. R. Civ. P. 26(b)(1). The broad scope of discovery under Rule 26(b)(1) encompasses any matter that bears upon, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Despite the broad scope of discovery normally allowed in civil actions under the Federal Rules, the Federal Arbitration Act ("FAA") limits the scope of discovery permitted in connection with a motion to compel arbitration. The FAA provides for discovery in connection with a motion to compel arbitration only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir.1999) (citing 9 U.S.C. § 4).

In support of its motions to compel arbitration, Zynga submitted declarations from its employee Jessup Ferris explaining what screens and/or notifications regarding the TOS it believes plaintiffs encountered, based not on accounts verified to belong to plaintiffs but on the minimal information provided by plaintiffs. Specifically, plaintiffs only provided in their complaints their names (with the exception of alleged minor I.C.) and places of residence and, in the case of plaintiffs Carol Johnson and Lisa Thomas, provided Zynga's counsel with certain email addresses. Thus, Zynga necessarily engaged in some guesswork to obtain records possibly matching

---

judgment, breach of confidence, breach of contract, breach of implied contract, violation of California Unfair Competition Law, violation of Missouri Merchandising Practices Act, and violation of Wisconsin Deceptive Trade Practices Act. Martinez and Petro bring claims for negligence, negligence per se, breach of contract, breach of implied contract, unjust enrichment, breach of confidence, violation of California Unfair Competition Law, violation of California False Advertising Law, violation of the California Consumers Legal Remedies Act, and violation of state consumer protection acts (of 48 states and the District of Columbia).

1 plaintiffs.  However, without all the email addresses, user IDs, or Facebook IDs associated with
2 plaintiffs' Zynga accounts, Zynga cannot confirm that its evidence correctly reflects plaintiffs'
3 activity.

4 Zynga's motions to compel arbitration hinge on its assertion that plaintiffs agreed to the
5 applicable TOS.  The Court has been provided with insufficient evidence to assess to which, if
6 any, TOS plaintiffs assented.  Because the verified context of plaintiffs' interactions with the
7 various TOS's in dispute is essential to the Court's evaluation of the formation of an agreement,
8 Zynga is entitled to some discovery on this threshold topic.

9 Based on the foregoing, the Court **DENIES** Zynga's motions to compel arbitration without
10 prejudice at this time and **GRANTS** its motions to compel discovery.  Accordingly, plaintiffs are
11 hereby **ORDERED** to provide Zynga's counsel with the requested information for identification of
12 plaintiffs' Zynga accounts within **fourteen (14) days** of the date of this Order.

13 The parties may submit, if necessary, a stipulation regarding a revised briefing schedule
14 and hearing on Zynga's motion to compel arbitration should it choose to re-file.

15 **IT IS SO ORDERED.**

16 This Order terminates Docket Number 36 in Case No. 20-cv-1539; Docket Number 28 in
17 Case No. 20-cv-2024; and Docket Number 21 in Case No. 20-cv-2612.

19 Dated: January 6, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**