UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I.C., ET AL.,**<br><br>    Plaintiffs,<br><br>    vs.<br><br>**ZYNGA, INC.,**<br><br>    Defendant. | CASE NO. 20-cv-01539-YGR<br><br>**ORDER GRANTING MOTION TO COMPEL AS TO PLAINTIFFS GITRE, THOMAS, AND MARTINEZ AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 71 and 72 |

This case arises from the September 2019 data breach of defendant Zynga Inc.'s customer database containing personal identifying information. Prior to consolidation of the four individual actions comprising this case, Zynga had filed motions to compel arbitration, which the Court denied without prejudice. (Dkt. No. 60.) The Court granted Zynga leave to conduct discovery as to identification of plaintiffs' Zynga accounts in order to ascertain the applicable terms of service.

On March 12, 2021, plaintiffs I.C., Amy Gitre, Carol Johnson, Lisa Thomas, Joseph Martinez IV, Daniel Petro, and Christopher Rosiak filed a consolidated class action complaint, asserting 27 causes of action in connection with the data breach. (Dkt. No. 67.) On April 27, 2021, Zynga renewed its motion to compel arbitration against plaintiffs Gitre, Thomas, and Martinez. (Dkt. No. 71.) Zynga also moved to dismiss the action as to remaining plaintiffs I.C., Johnson, Petro, and Rosiak for lack of Article III standing and for failure to state a claim. (Dkt. No. 72.)

Having carefully considered the briefing and arguments submitted on the motion, and for the reasons stated on the record at the July 27, 2021 hearing, the Court **GRANTS** the motion to compel arbitration and **GRANTS** the motion to dismiss for lack of standing **WITH LEAVE TO AMEND**.

With respect to the motion to compel arbitration, the Court finds that plaintiffs Gitre, Thomas, and Martinez entered into an arbitration agreement with Zynga when they accepted the 2019 Terms of Service. Contrary to plaintiffs' position, the failure to include a "Reject" button

does not preclude formation of the agreement. Courts routinely uphold clickwrap agreements, such as the ones presented to plaintiffs in this case, which require website users "to click on an 'I agree' button after being presented with a list of terms and conditions of use." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 1175–76 (9th Cir. 2014) (contrasting with "'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen). *See, e.g., Lee v. Ticketmaster LLC*, 817 F. App'x 393, 394 (9th Cir. 2020) ("[I]t is easier to find mutual asset in cases dealing with clickwrap agreements[.]"); *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1165 (N.D. Cal. 2016) ("Although there is no per se rule of validity or invalidity on either end, our Circuit has recognized that the closer digital agreements are to the clickwrap end of the spectrum, the more often they have been upheld as valid and unenforceable."). So long as the user has access to the terms and conditions, "even if the terms are not presented on the same page as the acceptance button," clickwrap agreements have been consistently used to compel arbitration. *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 912 (N.D. Cal. 2011).

Further, the Court finds that the arbitration agreement clearly and unmistakably delegated questions of arbitrability to the arbitrator. (Dkt. No. 71-2 at 15 ("If any party disagrees about whether this Section 15 (or any portion of this Section 15, including without limitation the provisions relating to arbitration, class action waiver, and opting out) can be enforced or whether it applies to the dispute, the parties all agree that the arbitrator will decide that, too.").) That the "Changes to Section 15 Agreement to Arbitrate and Class Action Waiver" subsection refers to "the court" does not change this conclusion. This purported conflict is "artificial" because it does not contradict "the agreement's unambiguous statement identifying arbitrable claims and arguments." *See Mohamed v. Uber Techs.*, 848 F.3d 1201 (9th Cir. 2016).

Moreover, the Court finds that plaintiffs do not raise a valid unconscionability challenge specifically directed at the delegation clause. (Dkt. No. 79 at 12 ("Further requiring the Court, and not an arbitrator, to determine arbitrability is that the delegation provision is itself unconscionable for the same reasons the putative arbitration agreement as a whole is unconscionable[.]").) *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 64 (2010) (finding that because plaintiff did not

2

challenge the specific delegation clause, but rather only challenged the arbitration provision as a whole, that challenge is for the arbitrator). Thus, the Court does not address plaintiffs' *McGill* and unconscionability challenges concerning the entire arbitration agreement. Accordingly, the motion to compel arbitration as to plaintiffs Gitre, Thomas, and Martinez is **GRANTED**.

With respect to the motion to dismiss, the Court finds that, as currently pled, the complaint fails to establish a sufficiently concrete injury-in-fact as required for Article III standing. Specifically, plaintiffs have not sufficiently alleged an invasion of privacy or a risk of future harm based on the information allegedly stolen in the breach. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("[C]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts.") (quoting *Spokeo v. Robins*, 578 U.S. 330, 341 (2016)); *In re Zappos.com, Inc.*, 888 F.3d 1020, 1023 (2018) (allegation that hackers "stole the names, account numbers, passwords, email addresses, billing and shipping addresses, telephone numbers, and credit and debit card information of more than 24 million Zappos customers" sufficiently alleged standing based on risk of identity theft); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1140, 1143 (9th Cir. 2010) (holding that plaintiffs had "alleged a credible threat of real and immediate harm stemming form the theft of a laptop" containing the "unencrypted names, addresses, and social security numbers of approximately 97,000 Starbucks employees"). Accordingly, the motion to dismiss is **GRANTED** for lack of Article III standing **WITH LEAVE TO AMEND**.

Plaintiffs shall file an amended complaint (and provide the Court with an accompanying redline) no later than **August 27, 2021**. Zynga shall respond to the filing no later than **September 20, 2021**. Should the amended complaint survive an Article III standing challenge, Zynga shall be permitted to re-assert its challenge to the merits. However, Zynga may not assert any grounds which could have been asserted in the instant motion.

This Order terminates Docket Numbers 71 and 72.

**IT IS SO ORDERED.**

Dated: July 30, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3